**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY J. BOARD, JR.,** ) | **CASE NO. 5:17 CR 35** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

This case is before the Court upon the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). **Doc #: 51**. For the following reasons, the Motion is summarily dismissed.

**I.   Background**

On February 8, 2017, Anthony J. Board, Jr., pled guilty without a plea agreement to one count of possession with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Doc #: 11. On December 1, 2017, Board was sentenced to a prison term of 63 months for each count, to run concurrently. Doc #: 34 at 2. Board appealed, challenging a sentencing enhancement for felon in possession of a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and the Bureau of Prison's alleged failure to credit his previously-served jail time. Doc #: 35. The Court of Appeals affirmed Board's conviction and sentence. Doc #: 46. Board now brings the instant Motion. Doc #: 51.

## II. Standard

Under 28 U.S.C. § 2255(a), a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2255 petition is assigned to properly examine the petition. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Appendix C. Rules Governing Section 2255 Proceedings, 6 Orfield's Criminal Procedure Under the Federal Rules Appendix C. The Court has promptly examined the Motion, the record in the underlying criminal case, and the case law and finds that it plainly appears that Anthony J. Board, Jr. is not entitled to relief in the district court for the following reasons.

## III. Analysis

Both of Board's grounds for relief stem from ineffective assistance of counsel claims. Claims for ineffective assistance of counsel are analyzed under the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's

deficiency, the outcome of the proceedings would have been different. *Lance v. Sellers*, 139 S.Ct. 511, 514, 202 L. Ed 2d 621 (2019) (citing *Strickland*, 466 U.S. at 688). A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

In his first ground for relief, Board argues that his counsel wrongfully withdrew his objection to the four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), thereby waiving his right to pursue the issue on appeal. Doc #: 51-1 at 6. "The § 2K2.1(b)(6)(B) enhancement applies to defendants who 'used or possessed any firearm or ammunition in connection with another felony offense'" when "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Doc #: 46 at 3, 4 (citing U.S.S.G. § 2K2.1(b)(6)(B)).

Board argues that this four-level enhancement was improper because it was a form of duplicative punishment or "double-counting." Board argues that since he was already punished for the distribution of fentanyl in Count 1, this cannot serve as the basis for a sentencing enhancement towards Count 2. *Id.* at 18. Board's claim is barred by the doctrine of collateral estoppel as the Court of Appeals for the Sixth Circuit has already decided that "there was no 'double counting,' because the enhancement punished an aspect of Board's conduct distinct from merely being a felon in possession of a firearm." Doc #: 46 at 4; *See James v. Terris*, No. 13-12321, 2013 WL 3810422, at *2 (E.D. Mich. July 23, 2013) ("The doctrine of 'issue preclusion, or collateral estoppel, dictates that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

-3-

different cause of action involving any party to the prior litigation.'") (citations omitted).
Even if Board was not precluded from asserting this claim, he would not have grounds for relief.
Board argues that his counsel did not meet the *Strickland* standard of reasonableness because
counsel both withdrew his objection to the enhancement and failed to renew the objections in his
December 1, 2017 sentencing proceeding. *Id*. at 14. In support, Board cites *U.S. v. Ledesma*,
750 Fed.Appx 344 (5th Cir. 2018). There, the defendant was working as a security guard when
found in possession of a firearm and drugs intended for personal use. *Id*. at 3435-46. The
*Ledesma* court found that a four-level § 2K2.1(b)(6)(B) enhancement given by the district court
was in error because there was not enough evidence to find that the defendant's firearm was used
to facilitate a felony. *Id*. at 349. *Ledesma* is readily distinguishable from the instant case
because Board's firearms were found in his home and among drugs intended for distribution.
Doc #: 46 at 1-2.[1]

Board also argues that a § 2K2.1(b)(6)(B) enhancement is most often applied when "the
firearm is being possessed while the defendant is committing another felony offense" and "<u>is not</u>
applied in conjunction, or with reference to, conduct or offenses charged in another count of the
same indictment." Doc #: 51-1. However, Board cites no case law to support this argument,
which is not surprising given that it flies in the face of the plain text of this Guideline Section.
In his second ground for relief, Board argues that his counsel failed to notice that the exact terms
of his sentence for each count were not orally pronounced and that this has led the Bureau of
Prisons to improperly credit time served. Doc #: 51-1 at 19-20. The issue of jail-time credits
was also addressed in Board's Sixth Circuit appeal and is therefore precluded based on collateral

---

[1] *Ledesma* is also distinguishable because it is a Fifth Circuit opinion, which is not
precedential to this Court's decision.

-4-

estoppel. Doc #: 46 at 4-5. Regardless, Board's claim that the sentence should be repronounced is groundless. "When an orally pronounced sentence is ambiguous…the judgment and commitment order is evidence which may be used to determine the intended sentence." *United States v. Penson*, 526 F.3d 331, 334 (6th Cir. 2008) (citations omitted). Since the written judgment clearly indicates that Board's sentence is "63 months as to count 1" and "63 months as to count 2, to run concurrently," there is no error. Doc #: 34 at 2.

**IV. Conclusion**

Accordingly, the Court summarily **DISMISSES** the pending Motion.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    July 30, 2019*
**Dan Aaron Polster**
**United States District Judge**